**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

JACK K. LEWIS III,                  )
                                    )
       Plaintiff,                )
                                    )
     v.                          )      No. 4:25-cv-1894-MTS
                                    )
THE WALT DISNEY COMPANY, *et al.*,  )
                                    )
       Defendants.               )
                                    )

**MEMORANDUM AND ORDER**

Over a month ago, the Court ordered *pro se* Plaintiff Jack K. Lewis III to comply with Rule 4(m) of the Federal Rules of Civil Procedure by serving Defendants no later than March 31, 2026. Doc. [3]. Now before the Court is Plaintiff's filing that the Court construes as a Motion for Extension of Time to do so. Doc. [5]. Upon review and consideration, the Court determines that Plaintiff has shown good cause for the requested extension given his diligence in attempting to meet the deadline. *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019) ("Generally, for purposes of Rule 4(m), 'good cause' requires some showing of diligence on the part of the plaintiffs."); *cf. Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (explaining, in another context, that the primary measure of "good cause" is the movant's diligence in attempting to meet the deadline). For that reason, the Court will grant the extension. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013) (per curiam) ("[I]f a plaintiff shows good cause for untimely service, then the court must extend the period for service.").

First, Plaintiff has sought additional time prior to the expiration of the service deadline. *See Myers v. Amrut Fusion LLC*, 4:25-cv-0209-MTS, 2025 WL 1555357, at *1 n.* (E.D. Mo. June 2, 2025). Second, Plaintiff represents that he has reached out to multiple process servers that declined to assist, and that he currently is "working with" one he identifies as Missouri Process Serving. Doc. [5]. The Court finds that he has provided more-than-conclusory representations that he has been diligent in attempting to complete service within the required time. *See Halvorsen v. Quantum Fin. & Bus. Intel.*, 4:24-cv-1497-MTS, ECF No. 6 (E.D. Mo. Mar. 5, 2025) (finding that, to show good cause, a plaintiff must provide facts, not merely conclusory representations, to demonstrate his diligence in attempting service).[*]

The Court will provide Plaintiff with an additional twenty-one days to complete service in this matter and file proof of such service. Thus, he will be required to serve all Defendants no later than **April 21, 2026**. Though Plaintiff is *pro se*, the Court will not extend this deadline any further without a showing by Plaintiff of his continued diligence to complete valid service. *See Hurtado v. 7-Eleven, Inc.*, 508 F. App'x 564, 565 (7th Cir. 2013) (noting a plaintiff's *pro se* status does "not excuse him" from "exercising [] diligence and timely complying with service-of-process rules").

---

[*] Cutting against the finding of diligence is Plaintiff's failure to have taken the important step of presenting properly completed summonses to the Clerk of Court. *See* Fed. R. Civ. P. 4(b). Although a defendant may formally (or informally) waive service, it has no obligation to do so. *See Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998). And if Defendants do not waive service here, Plaintiff cannot properly serve them without obtaining signed and sealed summonses. Of course, if Defendants should decline to waive service, that mere declination will *not* constitute good cause to further extend the service deadline. *See Taylor v. Caplan*, 4:24-cv-1303-MTS, 2025 WL 26683, at *1 (E.D. Mo. Jan. 3, 2025); *Lau v. Klinger*, 46 F. Supp. 2d 1377, 1380–81 (S.D. Ga. 1999) (Nangle, J.).

2

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Extension of Time, Doc. [5], is **GRANTED**.  Plaintiff shall serve Defendants in this matter, and file proof of such service, no later than  **Tuesday**, **April 21, 2026**.  **If Plaintiff fails to timely do so, the Court will dismiss this action without prejudice as to any unserved Defendant.**

Dated this 26th day of March 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

3