**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JACK K. LEWIS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:25-cv-01894-CMS |
| | ) | |
| THE WALT DISNEY COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORDANDUM AND ORDER</u>**

This matter is before the Court on Defendants The Walt Disney Company and Marvel Entertainment & Marvel Comics' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 18). For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED**.

**BACKGROUND**

Plaintiff Jack K. Lewis III, acting *pro se*, filed this action alleging a variety of claims including racial discrimination in employment. (Doc. 1 at 5). Plaintiff applied for a position with Defendants several times over approximately the last 40 years, most recently in 2018. (Doc. 1 at 1–5). Plaintiff, a black man, was never hired for any of the positions for which he applied. (Doc. 1 at 6). Plaintiff apparently was passed over for other, more qualified candidates, most or all of whom were also racial minorities. (Doc. 1 at 11–14).

Between three and six years after his failure to secure employment, Plaintiff sent a series of emails and letters to Defendants' legal department requesting that they investigate

employee misconduct in Defendants' hiring practices. (Doc. 1 at 26–27). Presumably, the misconduct was Defendants' failure to hire Plaintiff based on race, though the Complaint is not particularly clear. Plaintiff sent his latest correspondence on May 3, 2024. (Doc. 1 at 27).

After receiving no response to his emails and letters, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on September 16, 2025. (Doc. 1 at 5–6). Plaintiff received a decision on that charge and a Notice of Right to Sue Letter on September 19, 2025. (Doc. 18 at Ex. 1).[1] The letter informed Plaintiff that he had brought his charge after the permissible timeframe and that he had 90 days to file suit. (Doc. 18 at Ex. 1). Plaintiff now brings this suit on claims of employment discrimination, retaliation, and other, less clear grounds. Defendants move to dismiss the case with prejudice.

## ANALYSIS

### I. Standard of Review

For a complaint to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting

---

[1] The Court takes judicial notice of the EEOC's Notice of Your Right to Sue Letter (Doc. 18, at Ex. 1) referenced in the Complaint (Doc. 1 at 6). A court may take judicial notice of the public records of administrative agencies. *See Dale v. Tyler*, 2015 WL 4167366 (D.S.D. Jul. 8, 2015) (collecting cases); *see also* Fed. R. Evid. 201 (allowing a court to take judicial notice of a fact that is "not subject to reasonable dispute" at any point in the litigation.).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)); *Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010).

On a motion to dismiss, the Court "'must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiffs.'" *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008) (quoting *Gunter v. Morrison*, 497 F.3d 868, 873–74 (8th Cir. 2007)). The Court may also consider documents attached to the complaint and materials necessarily embraced by the pleadings. *Park Irmat Drug Corp. v. Express Scripts Holding Co*., 911 F.3d 505, 512 (8th Cir. 2018).

**II. Plaintiff failed to file timely claims with the EEOC and this Court.**

Failure to timely file a case is sufficient reason to dismiss the entire case with prejudice. *Maegdlin v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. 949*, 309 F.3d 1051, 1054 (8th Cir. 2002)); *Hill v. John Chezik Imports*, 869 F.2d 1122, 1123–24 (8th Cir. 1989).

**A. Plaintiff's EEOC claim was filed more than 300 days after the alleged violation.**

Plaintiff's failure to bring a claim before the EEOC within 300 days of the alleged violation of his rights is fatal to his claims. A plaintiff must file a timely claim and permit the EEOC to resolve that claim before he can sue in federal court for discrimination. *Richter v. Advance Auto Parts, Inc*., 686 F.3d 847, 850 (8th Cir. 2012) (citing 42 U.S.C. § 2000e-5(e)(1)). A plaintiff has 300 days from the date of the alleged discrimination to file his charge with the EEOC. *See Henderson v. Ford Motor Co*., 403 F.3d. 1026, 1032 (8th Cir.

2005); *Russell v. Shop `N Save Warehouse Foods*, 2010 WL 1462086, *4 (E.D. Mo. April 13, 2010).

Here, all of Plaintiff's attempts to secure employment, and thus all the potential dates of discrimination, occurred during or before 2018. (Doc. 1 at 1–5). Additionally, all of Plaintiff's emails to Defendants were dated on or before May 3, 2024. (Doc. 1 at 26–27). Plaintiff then waited to file a charge of discrimination with the EEOC until September 16, 2025, 502 days after the latest email or letter Plaintiff sent and seven years after his latest attempt to secure employment with Defendants. (Doc. 1 at 5–6). The EEOC documented the untimeliness of Plaintiff's charge. (Doc. 18 at Ex. 1). While Plaintiff initially may have contacted the EEOC within 300 days, he did not file a charge within that time. *Compare* (Doc. 20 at 9) *with* (Doc. 1 at 5–6) *and* (Doc. 18 at Ex. 1). Therefore, Plaintiff's claims are time-barred for his failure to timely file a charge with the EEOC.

**B. Plaintiff filed this lawsuit more than 90 days after he received his right to sue letter.**

Like Plaintiff's charge before the EEOC, his action before this Court is untimely. Plaintiff's failure to file this lawsuit within 90 days of receiving the right to sue letter from the EEOC is fatal to his case.

After exhausting his administrative remedies with the EEOC, a plaintiff receives a right to sue letter notifying him that he has 90 days to file suit. *See, e.g.*, (Doc. 18 at Ex. 1). A plaintiff must file suit within that 90-day window, as the right to sue letter makes clear, or his lawsuit is likely to be dismissed. *See Maegdlin*, 309 F.3d at 1054 (affirming dismissal of a Title VII lawsuit filed 91 days after receipt of EEOC order that started the filing

period); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) (citing 42 U.S.C. § 2000e–5(f)(1)); *Hill*, 869 F.2d at 1124 (affirming dismissal of a complaint where the plaintiff filed suit 105-days after constructive notice of the right to sue letter).

While equitable tolling can extend this window, it is a very narrow exception that applies only in extreme circumstances beyond a plaintiff's control. *See Maegdlin*, 309 F.3d at 1054; *Muffuletto v. Client Servs., Inc.*, No. 4:12CV1982 JCH, 2012 WL 6216865, at *1 (E.D. Mo. Dec. 13, 2012) ("*Pro se* status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period… are inadequate to warrant equitable tolling.") (citing *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir.2004).

Here, Plaintiff's right to sue letter was dated September 19, 2025. (Doc. 1 at 46); (Doc. 18 at Ex. 1). Yet Plaintiff did not initiate this action until December 30, 2025, 103 days after Plaintiff received the right to sue letter. While Plaintiff requests equitable tolling, (Doc. 1 at 46), he offers no compelling reason to equitably toll the 90-day deadline. To the contrary, he explains that he simply chose not to file a lawsuit while seeking review of his charge with the EEOC. (Doc. 20 at 10). Plaintiff thus concedes that his untimely filing was his choice and entirely within his control. *Maegdlin*, 309 F.3d at 1054. This explanation is "inadequate to warrant equitable tolling." *Muffuletto*, 2012 WL 6216865, at *1.

Therefore, Plaintiff's failure to file this action within 90 days of receipt of the right to sue letter warrants dismissal of this case, and the Court perceives no good reason to apply the equitable tolling exception.

**C. Even if Plaintiff's claims were not untimely pursuant to the administrative deadlines, most of his claims are barred by the statute of limitations.**

Even if Plaintiff's discrimination claims were not time-barred by his failure to timely file his charge with the EEOC and his suit with this Court, the four-year statute of limitations has expired for Plaintiff to bring a claim of racial discrimination under 42 U.S.C. § 1981. Section 1981 sets a four-year statute of limitations for claims of racial discrimination, which begins running from the date of the discriminatory act. *Compare Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382-83 (2004) (citing 28 U.S.C. § 1658) *with Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002). Claims of failure to hire and retaliation are not continuing violations that can extend the statute of limitations. *See Nat'l R.R. Passenger Corp*, 536 U.S. at 114; *see also Woodland v. Joseph T. Ryerson & Son, Inc.*, 302 F.3d 839, 842 (8th Cir. 2002) (A "refusal to hire [is] a single, discrete act, not a continuing violation.").

Here, the latest arguable employment action took place in 2018 (Doc. 1 at 5), more than four years before Plaintiff filed this action. Plaintiff offers no reason that his claims should be considered timely pursuant to the statute of limitations. Therefore, any of Plaintiff's claims stemming from the alleged employment actions (as opposed to his claims related to his correspondence to Defendants, some of which were sent within the last four years) are time-barred for his failure to comply with the statute of limitations.

**III. Plaintiff fails to plausibly allege a claim for employment discrimination under Title VII or Section 1981.**

Even if all of Plaintiff's claims were not time-barred in one way or another, Plaintiff fails to state a claim for employment discrimination. Title VII makes it "an unlawful

employment practice for an employer...to fail or refuse to hire...any individual...because of such individual's race ..." 42 U.S.C. § 2000e-2(a)(1). And Section 1981 prohibits discrimination against individuals based upon race in employment contracts. *See* 42 U.S.C. § 1981.

To establish a prima facie case for failure to hire under Title VII, a plaintiff must allege facts sufficient to prove: "(1) he is a member of a protected class; (2) he was qualified for the position for which the employer was accepting applications; (3) he was denied the position; and (4) the employer hired someone from outside the protected class." *Arraleh v. Cty. of Ramsey*, 461 F.3d 967, 975 (8th Cir. 2006).

Similarly, to state a racial discrimination claim under Section 1981, a plaintiff "must show: (1) he is a member of a protected class, (2) he met the employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination." *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853-54 (8th Cir. 2012). A plaintiff's failure to support his legal conclusion of racial discrimination with any facts will result in dismissal of the case. *Lott v. Maplewood Richmond Heights Sch. Dist.,* 2019 WL 2450932, at *2 (E.D. Mo. June 12, 2019).

Here, Plaintiff does not plead any facts specifying that the reason Defendants did not hire him was his race. He merely states his race and then recites some of the elements of a discrimination action. (Doc. 20 at 3, 6). While Plaintiff initially suggests that someone from outside the protected class was hired, he later explains in detail that others within the same protected class or other protected classes were hired because those individuals were more qualified for the job. (Docs. 1 at 9–11; 20 at 6). Plaintiff thus does not plead that

someone outside the protected class was hired or any circumstances that give rise to a reasonable inference of discrimination.[2] For these reasons, his employment discrimination claims are dismissed.

**IV. Plaintiff fails to plausibly allege a claim for retaliation under either Title VII or Section 1981.**

Similarly, Plaintiff fails to state a claim for retaliation. Employers are forbidden from retaliating against prospective employees for opposing discriminatory practices. *See* 42 U.S.C. § 2000e–3(a); *CBOCS W., Inc. v. Humphries,* 553 U.S. 442, 454–55 (2008).

A retaliation claim under either statute requires a plaintiff to prove that: (1) he engaged in protected activity; (2) he suffered a materially adverse employment action; and (3) the materially adverse action was causally connected to his protected activity. *See Kim v. Nash Finch Co.*, 123 F.3d 1046, 1060 (8th Cir. 1997). "An adverse employment action is a disadvantageous change to the compensation, terms, conditions, or privileges of employment." *Cole v. Grp. Health Plan, Inc*., 105 F.4th 1110, 1114 (8th Cir. 2024).

In this case, Plaintiff fails to plead that his engagement in protected activity somehow caused Defendants not to hire him. Plaintiff applied for employment multiple times ending in 2018. (Doc. 1 at 4–5). Only later did he begin complaining to Defendants

---

[2] The relevant job requirements are unclear because Plaintiff did not attach the job postings to his Complaint. But if the qualifications of those hired are any indication, Plaintiff did not meet the qualifications and requirements of the jobs for which he applied. Rather than alleging facts tending to establish that Plaintiff was qualified for the job, the Complaint seems to suggest that Plaintiff should have been hired despite his lack of qualifications because his work was of equal quality. (Doc. 1 at 4, 8, 9). Thus, Plaintiff also apparently fails to plead the necessary elements that he was qualified for the position and met the employer's legitimate expectations.

about their refusal to hire him in emails and letters starting in 2021. (Doc. 1 at 26–27). While Defendants' decisions not to hire Plaintiff may be adverse employment actions, Plaintiff's alleged protected activities, his complaints, took place a minimum of three years after Defendants' decisions not to hire him. Therefore, Plaintiff cannot establish that any protected activities on his part caused Defendants to take any adverse employment action against him. Also, Defendants' later failure to respond to Plaintiff's emails or letters is not an adverse employment action in that it is not a "disadvantageous change to the compensation, terms, conditions, or privileges of employment." *Cole*, 105 F.4th at 1114.

Because Plaintiff fails to sufficiently allege causation, his retaliation claims are dismissed.

**V. Plaintiff's remaining counts fail to allege valid causes of action.**

Any remaining claims that this Court can construe are either insufficiently pleaded or do not state actual causes of action.

The Complaint could be read as alleging a claim for copyright infringement. (Doc. 1 at 22, 37). But Plaintiff specifically disavows that cause of action, and it warrants no further attention from this court. (Doc. 1 at 22).

A charitable reading of the Complaint may also reveal a claim for appropriation under Missouri Revised Statutes § 570.030.1(1). (Doc 1 at 22). But that is a criminal statute and does not give rise to a private, civil cause of action. *See Haynes v. Williams*, 2022 WL 16833968, at *4 (E.D. Mo. Nov. 9, 2022); *Lafferty v. Rhudy*, 878 S.W.2d 833, 835-36 (Mo. Ct. App. 1994).

The Complaint also purports to assert claims of "breach of neutrality," "legal loyalism," and "social media influence in corporate environments." (Doc. 1 at 28, 33, 40). As far as the Court is aware, none of those is a recognized federal or state cause of action.

The Complaint may also be construed as attempting to assert a violation of the Sherman Act. (Doc. 1 at 35–36) (referencing an "oligopoly" and the Sherman Act). But Plaintiff has failed to allege that Defendants acted pursuant to a contract or agreement to infringe trade, as required by that statute. *Twombly*, 550 U.S. at 553; *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 (8th Cir. 2010). So, this claim also fails.

Further, Plaintiff purports to introduce 13 new potential causes of action in his Reply to Defendants' Motion to Dismiss. (Doc. 20 at 4–5). The Court need not consider additional claims raised in Plaintiff's Reply, but even if it did, those claims would fail as a matter of law. *See Harvey v. Becerra*, 2022 WL 4244601, at *4 (D. Minn. Aug. 25, 2022) (citing *Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989)); *accord Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). Some of the new claims are not recognized causes of action, and Plaintiff leaves them factually and legally unsupported. (Doc. 20 at 4–5).[3] Others are time-barred.[4] *See* Mo. Rev. Stat. § 516.120

[3] These unsupported new claims include: Liability (Count 4), Collusion (Count 5), Reputational Injuries (Count 6), Breach of Care (Count 9), Foreseeability (Count 10), and Violation of Honor in Commerce (Count 11).

[4] These time-barred new claims include: Misrepresentation (Count 2), Negligence (Count 3), Breach of Contract (Count 7), and Fraud (Count 8).

(setting a statute of limitations for these claims that expired in 2023). Still others are duplicative of claims raised in the Complaint and have already been addressed above.[5]

**VI. Any amendment to Plaintiff's Complaint would be futile.**

Where a plaintiff has no viable claim, a court may dismiss the complaint with prejudice because allowing an amendment would be an exercise in futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (listing futility of amendment as a reason to deny leave to amend); *see also Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) ("Leave to amend should be denied if the proposed amended pleading would be futile."). Therefore, the Court will dismiss Plaintiff's Complaint with prejudice.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (Doc. 17), is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED** with prejudice.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 31st day of August 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE

[5] These duplicative new claims include: Restraint of Trade (Count 1) and violations of the Sherman Act of 1890 (Count 12) and the Civil Rights Act of 1964 (Count 13).